# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KIMBERLY RENEE BRITTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-cv-00166-RK ) |
| JANET YELLEN, SECRETARY, US DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE; | ) ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's motion to dismiss Plaintiff's pro se amended complaint. (Doc. 14.) The motion is fully briefed. (Docs. 15, 16.)[1] Defendant argues Plaintiff's employment discrimination claims are untimely and must be dismissed. After careful review and for the reasons explained below, Defendant's motion is **GRANTED in part** and **DENIED in part**. The Court finds the claims in Plaintiff's amended complaint alleging employment discrimination, harassment, and retaliation that occurred while Plaintiff was employed by the Internal Revenue Service are time-barred for purposes of the present lawsuit. Accordingly, these claims are dismissed. On the other hand, to the extent Plaintiff's amended complaint includes claims of ongoing employment discrimination, harassment, and retaliation by her former employer, the Court finds these claims are not time-barred.

## I.  Background[2]

Plaintiff filed a pro se complaint on March 15, 2021, followed by an amended complaint against Defendant filed on July 6, 2021. (Docs. 4, 10.) In the amended complaint, Plaintiff alleges Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against her based on her race and sex and retaliating against her for engaging in protected activities, including filing complaints with the Equal Employment Opportunity Commission, among other claims.

---

[1] Plaintiff filed her pro se response to Defendant's motion to dismiss out of time. As requested in her response, however, the Court grants Plaintiff leave to file her response out of time. Accordingly, the Court will consider Plaintiff's response to Defendant's motion in ruling on Defendant's motion to dismiss.

[2] At this early stage, in considering Defendant's motion to dismiss, the Court takes the facts pleaded in Plaintiff's complaint as true and construes them in the light most favorable to Plaintiff as the non-moving party. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

Plaintiff was employed by the Internal Revenue Service ("IRS") as a Contract Service Representative in the Work Leader Cadre Unit in Kansas City, Missouri, from 2006 until May 2017. (Doc. 10, ¶ 18.) During this time, Plaintiff filed three complaints with the Equal Employment Opportunity Commission ("EEOC") alleging claims of harassment and retaliation by her employer filed on July 18, 2011, February 11, 2013, and February 27, 2014. (*Id.* at ¶¶ 19-21.) The EEOC issued its final decisions as to these complaints on July 28, 2014, August 25, 2014, and August 28, 2014, respectively. (*Id.*)

In her amended complaint in the present lawsuit, Plaintiff alleges numerous instances of race, color, and sex discrimination, as well as retaliation for engaging in protected activities that occurred between 2011 and 2017 while employed at the IRS. (*Id.* at ¶¶ 22-50.) She alleges, as a result, she was "forced" into retirement or "constructive[ly] discharge[d]" from her employment at the IRS, effective May 30, 2017. Among other claims, Plaintiff alleges that reports to various supervisors of threats by others directed towards her went unanswered; she was physically assaulted and restrained by her first level supervisor; a "Caucasian cleaning woman" who cleaned the office "scream[ed] and fak[ed] that there was a horrible odor emanating from Plaintiff's desk" when there was no odor; the operations manager stole and implemented Plaintiff's idea without Plaintiff receiving recognition or monetary compensation for the idea; less-qualified Caucasian male employees were placed on a higher pay scale than Plaintiff; multiple performance reviews were improperly completed giving Plaintiff lesser scores than she otherwise would have received; she was not provided the hands-on training required while on a management detail; she was accused of taking unapproved sick leave; and she was charged with several hours of leave without pay despite having accrued some hours of annual and sick leave. As a result of all that she endured, Plaintiff suffered severe psychological and physical ailments that left her incapable of returning to work, forcing her to resign based on her disability. (*Id.* at ¶¶ 40, 50.)

In addition, Plaintiff also alleges in her amended complaint that her former employer continued to discriminate, harass, and retaliate against her even after she left. Specifically, Plaintiff alleges the IRS placed a lien on her house for back taxes, thwarted her attempts to obtain disability, retirement, and other benefits, and denied Plaintiff healthcare and life insurance. (*Id.* at ¶¶ 48, 52, 53). Plaintiff alleges Defendant's officials "continuously harass[]" her through threatening communications by email, telephone, and letters, and that on March 25, 2019, Plaintiff's husband

answered a harassing phone call from an IRS agent "after which he suffered a massive heart attack and died." (*Id.* at ¶¶ 54, 55.)

Plaintiff alleges between 2016 and 2020, as reflected in a letter from her treating psychologist, she has been disabled and unable to work, suffering depression, anxiety, and fear, among other symptoms. (*Id.* at ¶¶ 57, 60, 62.) Plaintiff states that her oldest daughter contacted the EEOC on Plaintiff's behalf on June 20, 2017, and was told Plaintiff had 365 days to file an EEOC complaint against Defendant as a former employee. (*Id.* at ¶ 63.)

Plaintiff, through a representative, filed various informal EEOC complaints in September and October 2019, as well as in February, April, and August 2020. (*Id.* at ¶ 65, 66.) Finally, Plaintiff filed a formal EEOC complaint on November 16, 2020. (*Id.* at ¶ 68.) The formal complaint was dismissed on December 17, 2020. (*See Id.* at ¶ 69; Doc. 14-1.)[3] Plaintiff alleges she had difficulty providing others information related to her claims earlier because of her disability and symptoms. (*Id.* at ¶ 70.)

Plaintiff seeks money damages for Defendant's discrimination, harassment, and retaliation; cancellation and removal of debts and liens Defendant has imposed on Plaintiff; eligibility for disability retirement; and "monetary compensation for loss of life of Plaintiff's husband, Mr. Britton." (Doc. 10 at ¶ 74.)

## II. Legal Standard

The federal pleading rules provide that a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may challenge a pleading's legal sufficiency in a motion to dismiss. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Ark. Dep't.*

---

[3] In her complaint, Plaintiff alleged only that the November 2020 formal complaint was dismissed by the EEOC in December 2020 as being untimely. While the Court looks "primarily . . . [to the] allegations in the complaint, . . . matters of public and administrative record referenced in the complaint may also be taken into account." *McChesney v. Fed. Election Comm'n*, 900 F.3d 578, 583 (8th Cir. 2018) (citation and quotation marks omitted). Defendant attached to its motion to dismiss the EEOC's dismissal of Plaintiff's November 2020 formal complaint, which reflects the EEOC decision was issued on December 17, 2020. (*See* Doc. 14-1.)

3

*of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks and citation omitted). While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully to survive a motion to dismiss. *Id.* at 371 (citation omitted). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the non-moving party. *Hafley*, 90 F.3d at 266. Moreover, the Court must "liberally construe[]" the pro se complaint and will not dismiss claims if the allegations in the pro se complaint "provide 'factual enhancement' beyond mere 'labels and conclusions' or 'naked assertion[s].'" *Gerstner v. Sebit, LLC*, 386 F. App'x 573, 575 & 576 (quoting *Iqbal*, 556 U.S. at 1949).

### III. Discussion

#### A. **Plaintiff's pro se complaint is untimely as to discrimination, harassment, and retaliation claims related to her employment at the IRS but not as to claims of continued discrimination, harassment, and retaliation by her former employer**

Under federal law the EEOC has the authority to enforce Title VII's prohibition on discrimination based on an employee's race, color, religion, sex, or national origin in the context of federal employment. 42 U.S.C. § 2000e-16(b). Charges of employment discrimination to the EEOC must be filed "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Additionally, federal law provides a party aggrieved by the EEOC's dismissal of an employment discrimination charge may file a civil action within 90 days after receiving notice of dismissal from the EEOC. § 2000e-5(f)(1). A civil action based on an employment discrimination charge that is not filed within this 90-day period is time-barred. *Hales v. Casey's Marketing Co.*, 886 F.3d 730, 736 (8th Cir. 2018).

In this case, Plaintiff filed several employment-discrimination charges with the EEOC throughout 2011, 2013, and 2014, each of which were dismissed by the EEOC in 2014. Any civil action now based on the EEOC's dismissal of these employment-discrimination charges is therefore time-barred.

As Defendant acknowledges, though, Plaintiff did file a formal complaint of employment discrimination with the EEOC on November 16, 2020, which was dismissed by the EEOC on December 17, 2020. Accordingly, Plaintiff's complaint in this matter appears to have been timely filed within the 90-day period for filing civil actions pursuant to § 2000e-5(f)(1). *See also* 42 U.S.C. § 2000e-16(c). Defendant argues that nonetheless, Plaintiff's employment-discrimination

4

claims are untimely because they were not made within 180 days of the alleged unlawful employment practices as required by § 2000e-5(e)(1).

To the extent Plaintiff's amended complaint asserts claims of employment discrimination, harassment, and retaliation that occurred during her employment with the IRS (which ended on May 30, 2017), the Court agrees with Defendant that these claims are time-barred, since more than three years have passed since Plaintiff's employment ceased. On the other hand, to the extent Plaintiff's amended complaint asserts claims of discrimination, harassment, and retaliation by her former employer that occurred within 180 days prior to the filing of the EEOC complaint in November 2020, those claims are not barred. Indeed, Plaintiff alleges ongoing and current discrimination, harassment, and retaliation actions against her by her former employer. *See generally Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997) (holding that "former employees are included" within Title VII's discrimination provision). Defendant does not present any persuasive argument that these claims are otherwise untimely.

### B. **Plaintiff is not entitled to equitable tolling**

In her response, Plaintiff argues the statutory deadlines should be equitably tolled. As to the untimely claims for discrimination, harassment, and retaliation that occurred while Plaintiff was employed at the IRS, the Court finds Plaintiff is not entitled to equitable tolling of the statutory limitations period.

The Supreme Court has held the statutory time-period for filing a charge of discrimination "is subject to equitable doctrines such as tolling or estoppel." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102 (2002) (citation omitted). "As a general rule, equitable tolling is a remedy reserved for circumstances that are truly beyond the control of the plaintiff." *Shempert v. Harwick Chem. Corp.*, 151 F.3d 797-98 (8th Cir. 1998) (citation and quotation marks omitted). Plaintiff first argues the statutory deadlines should be equitably tolled because someone at the EEOC office allegedly told Plaintiff's daughter on June 20, 2017, that Plaintiff (as a former IRS employee) had 365 days within which to file an EEOC complaint. This does not help Plaintiff here, however. At most, if equitable tolling *were* to apply based on Plaintiff having received this advice, the filing deadline would be extended to approximately May 30, 2018 (365 days after Plaintiff's employment ended). Plaintiff did not begin the process to pursue an EEOC complaint or charge of discrimination until well after 180 days from this even later date, however.

Moreover, to the extent any of these claims were claims arising from the 2014 EEOC decisions on Plaintiff's three earlier EEOC complaints, Plaintiff has presented no argument she should be entitled to equitable tolling of *those* claims for any reason. Plaintiff argues she should be entitled to equitable tolling because of her disability and poor health. These issues did not arise, however, until approximately two or three years later, leading her to end her employment at the IRS. In addition, Plaintiff's argument that she should be entitled to additional time to file the charges because of her disability and poor health as to the other untimely claims is contradicted by Plaintiff's own allegations in her complaint that she was informed in the summer of 2017 that she had until the summer of 2018 to file a complaint. Plaintiff alleges "[i]t took nearly six to eight months . . . to disclose details of her case involving her employment at the IRS" to assist her representative in filing the informal EEOC claims because of her symptoms and mental health struggles. (Doc. 10 at ¶ 65, 70.) "[E]quitable tolling is the exception to the rule, and should therefore only be used in exceptional circumstances." *Buchanan v. Affiliated Foods Midwest*, No. 08-6004-CV-SJ-ODS, 2008 WL 11337507, at *2 (W.D. Mo. May 12, 2008) (citation and quotation marks omitted). In this case, Plaintiff was informed in June 2017 she had a year to file a complaint and, even if this was incorrect, Plaintiff did not do so until well after she was advised a complaint would be due. Plaintiff has not otherwise shown her health struggles prevented her from timely filing these claims that she was aware needed to be filed within a particular timeframe. Plaintiff fails to show her disability and poor health otherwise prevented her from filing the discrimination charges until November 2020 and starting the process to file these discrimination charges in September 2019 (at the earliest), which is still more than a year after she was allegedly told by the EEOC a complaint would be due. The Court finds Plaintiff is not entitled to equitable tolling as to the time-barred claims.

IV. **Defendant's argument in her reply that Plaintiff fails to state a claim for wrongful death in her amended complaint**

Finally, the Court addresses Defendant's argument in her reply that Plaintiff fails to state a claim for wrongful death. In responding to Defendant's motion to dismiss, Plaintiff noted – to the extent her amended complaint asserts a "tort claim" for "personal injury" related to the death of her husband (that allegedly occurred after Plaintiff's husband answered a harassing telephone call from the IRS, Plaintiff's former employer) – that Defendant did not seek dismissal of this claim in her motion to dismiss. In her reply brief, Defendant argues Plaintiff has failed to state a claim for wrongful death and that this claim should be dismissed under Rule 12(b)(6). Defendant's motion

6

to dismiss was limited, however, to arguing Plaintiff's claims should be dismissed as being untimely. (*See* Doc. 14.) Accordingly, the Court does not address at this juncture whether any claims in Plaintiff's pro se amended complaint should be dismissed under Rule 12(b)(6) for failure to state a claim or for any other reason.

V. **Conclusion**

For the reasons stated above, Defendant's motion to dismiss Plaintiff's employment discrimination claims as untimely (Doc. 14) is **GRANTED in part** and **DENIED in part**. Plaintiff's employment discrimination, harassment, and retaliation claims arising when she was employed at the IRS are untimely and are **dismissed with prejudice**. On the other hand, Plaintiff's claims in her pro se amended complaint that allege continued or ongoing discrimination, harassment, and retaliation by the IRS (her former employer) that occurred not more than 180 days prior to the filing of Plaintiff's November 2020 EEOC complaint are **not barred** as untimely and will not be dismissed at this time.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 12, 2021